LAWRENCE G. BROWN
Acting United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $60,000.00 IN U.S. CURRENCY;<br><br>APPROXIMATELY $3,300.00 IN U.S. CURRENCY; and<br><br>THREE $2,500.00 MONEY ORDERS ISSUED BY BANCO OF POPULAR NORTH AMERICA TOTALING APPROXIMATELY $7,500.00 IN U.S. CURRENCY,<br><br>Defendants. | 1:07-CV-00623-LJO-DLB |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANDRO JIMENEZ,<br><br>Defendant,<br><br>and,<br><br>PEDRO JIMENEZ AND BASELISA JIMENEZ,<br><br>Sureties. | 1:06-CR-00419-AWI<br><br>**FINAL JUDGMENT OF FORFEITURE; RELEASE OF PROPERTY BOND** |

Pursuant to the Stipulation for Final Judgment of Forfeiture; Release of Property Bond filed herein, the Court finds:

Civil Forfeiture Action

1. A Verified Complaint for Forfeiture *In Rem* was filed on April 24, 2007, seeking the forfeiture of defendants approximately $60,000.00 in U.S. Currency, approximately $3,300.00 in U.S. Currency, and three $2,500.00 money orders issued by Banco of Popular North America totaling approximately $7,500.00 in U.S. Currency (hereafter collectively "defendant assets"), alleging that said assets are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because the defendant assets constitute moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*. The United States contends the forfeiture civil action is related to the criminal case against Sandro Jimenez.

2. On April 25, 2007, in accordance with the civil forfeiture Complaint, a Warrant for Arrest for the defendant assets was issued and duly executed on May 3, 2007. *See* Process Receipt and Return filed on May 9, 2007.

3. Notice of the action against the defendant assets appeared by publication on May 9, 2007, in *The Modesto Bee*, a newspaper of general circulation in the county in which the defendant assets were seized (Stanislaus County). The Proof of Publication was filed with the Court on May 21, 2007.

4. In addition to the Public Notice of Arrest having been completed, actual notice of the civil forfeiture action was personally served upon Dora Jimenez and Sandro Jimenez; by substitute service on Pedro Jimenez, Baselisa Jimenez, and Eduardo Jimenez; and, by certified mail to Eduardo Jimenez. Claimants/Sureties Pedro Jimenez and Baselisa Jimenez filed a timely claim and answer in the civil forfeiture action. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

5. The Clerk of the Court entered Clerk's Certificates of Entry of Default in the civil forfeiture action against Dora Jimenez on June 13, 2007, Eduardo Jimenez on July 10, 2007, and

1  Sandro Jimenez on August 29, 2007. Pursuant to Local Rule A-540, the United States and
2  Claimants/Sureties Pedro Jimenez and Baselisa Jimenez thus join in a request that as part of this
3  Final Judgment of Forfeiture and Release of Property Bond in this case the Court enter a default
4  judgment in the civil forfeiture action against the interests, if any, of Dora Jimenez, Eduardo
5  Jimenez, and Sandro Jimenez.

6  <u>Property Bond Forfeiture</u>

7  6.     On December 15, 2006, in the above-captioned criminal case, defendant Sandro
8  Jimenez was released from custody upon the posting of a $150,000.00 appearance and compliance
9  bond.

10  7.     Pedro Jimenez and Baselisa Jimenez encumbered their property located at 2005 Blush
11  Court, Turlock, California, and more particularly described as

12      Lot 86, Champagne Estates, a subdivision according to the Plat or
      Map thereof described in Plat Book 33, Page 1, of the Public Records
13      of Stanislaus County, California.

14      Assessor's Parcel Number: 089-16-86

15  by signing a Deed of Trust establishing the Clerk, Eastern District of California, Fresno, California
16  as beneficiary of the equity in their property in the amount of $150,000.00, in the above-captioned
17  criminal case.

18  8.     On June 10, 2008, in the above-captioned criminal case, defendant Sandro Jimenez
19  violated his conditions of release by failing to appear at a court-ordered hearing. Sandro Jimenez
20  remains a fugitive.

21  Based on the above findings, and the files and records of the Court, it is hereby
22  ORDERED AND ADJUDGED:

23  1.     The Court adopts the Stipulation for Final Judgment of Forfeiture; Release of
24  Property Bond entered into by and between the parties to this action.

25  2.     Judgment is hereby entered against Claimants/Sureties Pedro Jimenez, Baselisa
26  Jimenez, Potential Claimants Dora Jimenez, Eduardo Jimenez, Sandro Jimenez, and all other
27  potential claimants who have not filed claims in this action.

28  ///

3. Within 30 days of the filing of this Final Judgment of Forfeiture and Release of Property Bond, Claimants/Sureties Pedro Jimenez and Baselisa Jimenez shall pay to the United States the amount of $79,200.00 in order to release the encumbered property.

4. Upon entry of a Final Judgment of Forfeiture and Release of Property Bond, the defendant approximately $60,000.00 in U.S. Currency, defendant approximately $3,300.00 in U.S. Currency, and defendant three $2,500.00 money orders issued by Banco of Popular North America totaling approximately $7,500.00 in U.S. Currency, together with any interest that may have accrued on those amounts, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

5. Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant assets. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

6. Pursuant to the stipulation of the parties, and the allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed April 24, 2007, the Court finds that there was reasonable cause for the seizure and arrest of the defendant assets, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

7. If the United States does not receive payment from Claimants/Sureties as set forth herein, the parties agree to an immediate request for a scheduling conference in the above-captioned civil forfeiture action and acknowledge that the United States will immediately enforce the defaulted property bond in the criminal action against Claimants' real property.

8. All parties will bear their own costs and attorneys' fees.

SO ORDERED THIS 5th day of January, 2009.

LAWRENCE J. O'NEILL
United States District Judge

4

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture; Release of Property Bond filed herein, and the allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed April 24, 2007, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant assets.

Dated: Jan 5, 2009

LAWRENCE J. O'NEILL
United States District Judge