1  LAWRENCE G. BROWN
   Acting United States Attorney
2  STEPHANIE HAMILTON BORCHERS
   Assistant United States Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6  Attorneys for Plaintiff

FILED

MAR 4 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,  )  1:07-CV-00623-LJO-DLB
                            )
         Plaintiff,         )
                            )
     v.                     )
                            )  **AMENDED FINAL JUDGMENT OF**
APPROXIMATELY $60,000.00 IN U.S. )  **FORFEITURE**
CURRENCY;                   )
                            )
APPROXIMATELY $3,300.00 IN U.S. )
CURRENCY; and               )
                            )
THREE $2,500.00 MONEY ORDERS )
ISSUED BY BANCO OF POPULAR  )
NORTH AMERICA TOTALING      )
APPROXIMATELY $7,500.00 IN U.S. )
CURRENCY,                   )
                            )
         Defendants.        )
_____)

Pursuant to the Stipulation for Final Judgment of Forfeiture; Release of Property Bond filed herein, the Court finds:

1.  A Verified Complaint for Forfeiture *In Rem* was filed on April 24, 2007, seeking the forfeiture of defendants approximately $60,000.00 in U.S. Currency, approximately $3,300.00 in U.S. Currency, and three $2,500.00 money orders issued by Banco of Popular North America totaling approximately $7,500.00 in U.S. Currency (hereafter collectively "defendant assets"), alleging that said assets are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because the defendant assets constitute moneys or other things of value furnished

or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.* The United States contends the forfeiture civil action is related to the criminal case against Sandro Jimenez.

2. On April 25, 2007, in accordance with the civil forfeiture Complaint, a Warrant for Arrest for the defendant assets was issued and duly executed on May 3, 2007. *See* Process Receipt and Return filed on May 9, 2007.

3. Notice of the action against the defendant assets appeared by publication on May 9, 2007, in *The Modesto Bee*, a newspaper of general circulation in the county in which the defendant assets were seized (Stanislaus County). The Proof of Publication was filed with the Court on May 21, 2007.

4. In addition to the Public Notice of Arrest having been completed, actual notice of the civil forfeiture action was personally served upon Dora Jimenez and Sandro Jimenez; by substitute service on Pedro Jimenez, Baselisa Jimenez, and Eduardo Jimenez; and, by certified mail to Eduardo Jimenez. Claimants/Sureties Pedro Jimenez and Baselisa Jimenez filed a timely claim and answer in the civil forfeiture action. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

5. The Clerk of the Court entered Clerk's Certificates of Entry of Default in the civil forfeiture action against Dora Jimenez on June 13, 2007, Eduardo Jimenez on July 10, 2007, and Sandro Jimenez on August 29, 2007. Pursuant to Local Rule A-540, the United States and Claimants/Sureties Pedro Jimenez and Baselisa Jimenez thus join in a request that as part of this Amended Final Judgment of Forfeiture the Court enter a default judgment in the civil forfeiture action against the interests, if any, of Dora Jimenez, Eduardo Jimenez, and Sandro Jimenez.

6. The United States agrees to this final judgment in the forfeiture proceedings despite not receiving payment on a separate property bond pursuant to the stipulation filed herein. The parties will separately enter into a consent judgment regarding the property bond or the United States shall begin bond forfeiture proceedings.

///

1 Based on the above findings, and the files and records of the Court, it is hereby

2 ORDERED AND ADJUDGED:

3 1. The Court adopts the Stipulation for Final Judgment of Forfeiture; Release of Property Bond entered into by and between the parties to this action.

2. Judgment is hereby entered against Claimants/Sureties Pedro Jimenez, Baselisa Jimenez, Potential Claimants Dora Jimenez, Eduardo Jimenez, Sandro Jimenez, and all other potential claimants who have not filed claims in this action.

3. The parties will separately enter a consent judgment regarding the property bond set forth in the stipulation filed herein, or the United States shall begin bond forfeiture proceedings.

4. Upon entry of this amended Final Judgment of Forfeiture, the defendant approximately $60,000.00 in U.S. Currency, defendant approximately $3,300.00 in U.S. Currency, and defendant three $2,500.00 money orders issued by Banco of Popular North America totaling approximately $7,500.00 in U.S. Currency, together with any interest that may have accrued on those amounts, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

5. Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant assets. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

6. Pursuant to the stipulation of the parties, and the allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed April 24, 2007, the Court finds that there was reasonable

///
///
///
///
///

3

1  cause for the seizure and arrest of the defendant assets, and a Certificate of Reasonable Cause
2  pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

    7.    All parties will bear their own costs and attorneys' fees.

SO ORDERED THIS  4th  day of  March , 2009.

                                  LAWRENCE J. O'NEILL
                                  United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture; Release of Property Bond filed herein, and the allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed April 24, 2007, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant assets.

Dated:  3-4-09

                                  LAWRENCE J. O'NEILL
                                  United States District Judge